NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1809-16T1

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

CARLOS B. GREEN,

    Defendant-Respondent.

_____

APPROVED FOR PUBLICATION

October 20, 2017

APPELLATE DIVISION

Submitted September 20, 2017 — Decided October 20, 2017

Before Judges Fuentes, Koblitz and Suter.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 15-10-2268.

Robert D. Laurino, Acting Essex County Prosecutor, attorney for appellant (Stephen A. Pogany, Special Deputy Attorney General, Acting Assistant Prosecutor, on the brief).

Steven J. Plofsky, attorney for respondent.

The opinion of the court was delivered by

KOBLITZ, J.A.D.

The State appeals after leave granted from a October 31, 2016 interlocutory order prohibiting the admission of defendant's two prior driving while intoxicated (DWI) convictions, N.J.S.A. 2C:11-

5(a), to prove that defendant acted recklessly in his pending trial on the charge of first-degree vehicular homicide while intoxicated within 1000 feet of a school. N.J.S.A. 2C:11-5(b)(3)(a). Because of the statutory inference of recklessness that arises when driving while intoxicated, as well as our deferential standard of review, we affirm.

The State alleges the following facts form the basis of the pending trial. On the night of December 27, 2014, defendant was involved in a motor vehicle collision that resulted in the death of Billy Ray Dudley. Dudley was lying in the center of an intersection when defendant's car struck him. Toxicology results revealed defendant's blood-alcohol concentration (BAC) to be 0.210 percent.

To prove vehicular homicide, the State must show defendant drove recklessly. N.J.S.A. 2C:11-5(a). "A person acts recklessly with respect to a material element of an offense when he [or she] consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his [or her] conduct." N.J.S.A. 2C:2-2(b)(3). "Proof that the defendant was driving while intoxicated in violation of [N.J.S.A.] 39:4-50 . . . shall give rise to an inference that the defendant was driving recklessly." N.J.S.A. 2C:11-5(a) (emphasis added). Driving with a BAC of 0.08 percent or more is a per se DWI

violation.  N.J.S.A. 39:4-50(a).  The State alleges defendant's BAC was more than twice that limit.  Driving while intoxicated "may alone satisfy the recklessness required by the death by auto statute." State v. Jamerson, 153 N.J. 318, 335 (1998).  The Model Jury charge reads:

> In determining whether the State has proven beyond a reasonable doubt that defendant acted recklessly, defendant's unawareness of a risk, due to self-induced intoxication, is immaterial. In other words, you may find that the State has proven recklessness beyond a reasonable doubt even though the defendant was unaware of a risk of which he/she would have been aware were he/she not intoxicated.
>
> [Model Jury Charge (Criminal), "Vehicular Homicide" (June 2004) (footnotes omitted)].

Defendant was previously convicted of DWI in 1998 and 2009. The State seeks to introduce these convictions into evidence under N.J.R.E. 404(b), which states "evidence of other crimes, wrongs, or acts is not admissible to prove the disposition of a person in order to show that such person acted in conformity therewith." Evidence of prior bad acts "may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident when such matters are relevant to a material issue in dispute."  N.J.R.E. 404(b).

Evidence relating to other bad acts should be handled with particular caution.  State v. Reddish, 181 N.J. 553, 608 (2004).

3                                          A-1809-16T1

Prior bad acts are inadmissible "to prove the disposition of a person in order to show that such person acted in conformity therewith." N.J.R.E. 404(b). Notably, "other-crime evidence has a unique tendency to turn a jury against the defendant." State v. Stevens, 115 N.J. 289, 302 (1989). Evidence of prior bad acts poses a "distinct risk" of distracting the jury from "an independent consideration of the evidence that bears directly on guilt itself." State v. G.S., 145 N.J. 460, 468 (1996) (citing Stevens, supra, 115 N.J. at 302).

Although evidence of prior bad acts may be admitted for specified purposes, the probative value must not be outweighed by the prejudice resulting from its introduction. State v. Cofield, 127 N.J. 328, 338 (1992). Trial courts must engage in a "careful and pragmatic evaluation" that focuses on "the specific context in which the evidence is offered, to determine whether the probative worth of the evidence outweighs its potential for undue prejudice." Stevens, supra, 115 N.J. at 303. The Cofield four-part test assists trial courts "to avoid the over-use of extrinsic evidence of other crimes or wrongs." 127 N.J. at 338.

The four prongs of Cofield limit admissibility of evidence of prior bad acts to situations where: 1) it is relevant to a material issue; 2) when admitted for certain purposes, it is similar in kind and reasonably close in time to the offense

charged; 3) it is clear and convincing; and 4) its probative value is not outweighed by its apparent prejudice. State v. Williams, 190 N.J. 114, 122, 131 (2007).

Only the fourth prong of the Cofield test is at issue. "Because of the damaging nature of such evidence, the trial court must engage in a careful and pragmatic evaluation of the evidence to determine whether the probative worth of the evidence is outweighed by its potential for undue prejudice." State v. Rose, 206 N.J. 141, 160 (2011) (quoting State v. Barden, 195 N.J. 375, 389 (2008)). That standard is "more exacting than [N.J.R.E.] 403, which provides that relevant evidence is admissible unless its probative value is substantially outweighed by the risk of undue prejudice." Reddish, supra, 181 N.J. at 608.

"[T]he potential for undue prejudice need only outweigh probative value to warrant exclusion." Ibid. And the State "bears the burden of establishing that the probative value of the evidence is not outweighed by its apparent prejudice." Id. at 608-09.

Most importantly here, "[i]n weighing the probative worth of other-crime evidence, a court should consider not only its relevance but whether its proffered use in the case can adequately be served by other evidence." Stevens, supra, 115 N.J. at 303. "If other less prejudicial evidence may be presented to establish

the same issue, the balance in the weighing process will tip in favor of exclusion."  Barden, supra, 195 N.J. at 392.

Thus, "the primary focus of [N.J.R.E. 404(b)] . . . is to view it as a rule of exclusion rather than a rule of inclusion." State v. Darby, 174 N.J. 509, 520 (2002) (quoting State v. Marrero, 148 N.J. 469, 482-83 (1997)).

We review N.J.R.E. 404(b) decisions for an abuse of discretion and "[o]nly where there is a clear error of judgment should the trial court's conclusion with respect to that balancing test be disturbed."  Rose, supra, 206 N.J. at 158 (quoting Barden, supra, 195 N.J. at 391).

The State takes issue with the trial judge's application of the fourth prong of the Cofield test.  The judge agreed with the State that defendant's "DWI convictions make it more probable that the defendant had prior knowledge of the risks associated with driving under the influence."  The State notes that, having been convicted twice of DWI, defendant was twice required to attend an Intoxicated Driver Resource Center.  "The centers . . . conduct a program of alcohol and drug education and highway safety." N.J.S.A. 39:4-50.  Therefore, defendant had been specifically instructed about the risks of driving while intoxicated.

But, as the judge wrote, evidence of the two convictions "also suggests that the [d]efendant hit the victim while driving

intoxicated because he has previously been convicted of DWI." Admission of the prior DWI convictions "would suggest to the jury that the [d]efendant acted in conformity with his prior . . . behavior." The prejudicial impact of two prior DWI convictions in a trial of first-degree vehicular homicide while intoxicated cannot be overstated.

Given N.J.S.A. 2C:11-5(a)'s statutory inference of recklessness arising from a DWI, it is hard to conceive of a situation where prior DWI convictions would be allowed into evidence under N.J.R.E. 404(b) when a defendant is charged with death by auto with evidence he or she drove with a BAC over .08 percent. Such a rare circumstance did not occur here. The judge exercised his discretion soundly when refusing to admit defendant's two prior DWI convictions into evidence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION